USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARILYN BECKFORD, et al.,

                Plaintiffs,

-against-

MELISSA AVILES-RAMOS, et al.,

                Defendants.

24-CV-09930 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

    Plaintiffs Marilyn Beckford and Brianna Davis are parents of children with disabilities who have obtained administrative orders pursuant to the Individuals with Disabilities Education Act ("IDEA") requiring the New York City Department of Education ("DOE") to fund their children's placement at a specialized private school, the International Institute for the Brain ("iBrain"). They bring this action individually and on behalf of their children—M.B. and O.D., respectively—against DOE and Melissa Aviles-Ramos, in her official capacity as Chancellor of the DOE (together, "Defendants"), asserting substantive claims under the IDEA and 42 U.S.C. § 1983, as well as a claim for attorneys' fees under the IDEA. Additionally, Plaintiffs have moved for a preliminary injunction compelling compliance with the underlying administrative order applicable to Davis. Defendants oppose the motion for a preliminary injunction and have moved to dismiss the Complaint. For the reasons that follow, the motion for a preliminary injunction is DENIED. Defendants' motion to dismiss is GRANTED as to the substantive IDEA claim asserted by Plaintiff Beckford and as to the Section 1983 claims by Beckford and Davis. Defendants' motion to dismiss is DENIED as to the claim for attorneys' fees. Further, Davis is hereby ORDERED TO SHOW CAUSE why her IDEA claim should not be dismissed as moot.

# BACKGROUND

## I. STATUTORY FRAMEWORK

"The IDEA authorizes the disbursement of federal funds to [s]tates that develop appropriate plans to, among other things, provide a free and appropriate public education ('FAPE') to children with disabilities." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020).[1] "To provide a FAPE to each student with a disability, a school district must develop an [Individualized Education Program ("IEP")] that is 'reasonably calculated to enable the child to receive educational benefits.'" *Id.* (quoting *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 151 (2d Cir. 2014)).

Parents who wish to challenge the adequacy of their child's IEP or its implementation can avail themselves of New York's two-tier system of administrative review: first, by filing an administrative due process complaint ("DPC") and requesting a hearing before an Impartial Hearing Officer ("IHO"); and second, by appealing that officer's decision to a state review officer ("SRO"). 20 U.S.C. §§ 1415(f)–(g); N.Y. Educ. Law §§ 4404(1)–(2). The IDEA permits dissatisfied parents to pursue judicial review of an SRO's decision in a federal district court. *Ventura*, 959 F.3d at 526; *see also* 20 U.S.C. § 1415(i)(2)(A); N.Y. Educ. Law § 4404(3). The district court receives the records of the state administrative proceedings and hears additional evidence if requested. 20 U.S.C. §§ 1415(i)(2)(C)(i)–(ii).

## II. RELEVANT FACTS

Between June and July 2024, Plaintiffs filed DPCs alleging that the DOE did not provide their respective children with a FAPE. Compl. ¶¶ 36, 53, Dkt. No 1. Beckford alleged that M.B.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

was not provided a FAPE during the 2024–2025 school year. *Id.* ¶ 36. Her DPC was assigned to IHO Robin Levin under IHO Case No. 277132. *Id.* ¶ 37. Davis alleged that O.D. was not provided a FAPE during the 2023–2024 and 2024–2025 school years. *Id.* ¶¶ 53, 56. Her cases were assigned to IHO Jessica Mendoza and consolidated under IHO Case No. 275799. *Id.* ¶¶ 53–60.

On October 14, 2024, IHO Levin issued her Findings of Fact and Decision ("FOFD") with respect to IHO Case No. 277132. *Id.* ¶ 39. IHO Levin found that M.B. was not provided a FAPE for the 2024–2025 school year and that iBrain was an appropriate unilateral placement for M.B. during that school year. *Id.* ¶ 40. She ordered DOE to fully fund M.B.'s tuition, costs, expenses, related services, and transportation services at iBrain for the 2024–2025 school year. *Id.* ¶ 41. Specifically, the FOFD stated that "[DOE] shall directly pay [iBrain] pursuant to the terms of the tuition agreement within 35 days of the date of this Order" and that "[DOE] shall directly pay fund the cost of specialized transportation services for the Student . . . pursuant to the terms of the transportation agreement with the Transportation Provider within 35 days of the date of this Order." *Id.* ¶ 41. DOE did not appeal IHO Levin's order. *Id.* ¶ 47.

On August 28, 2024, IHO Mendoza issued an FOFD in IHO Case No. 275799. IHO Mendoza determined that DOE did not deny O.D. a FAPE for the 2023–2024 and 2024–2025 school years. *Id.* ¶ 61–62. Davis appealed the decision. *Id.* ¶ 63. On December 4, 2024, SRO Justyn Bates issued SRO Decision 24-432, reversing IHO Mendoza's FOFD and finding that DOE denied O.D. a FAPE for the 2023–2024 and 2024–2025 school years and that iBrain was an appropriate unilateral placement for O.D. during those school years. *Id.* ¶¶ 65–66. SRO Bates ordered that DOE "shall directly fund the cost of [D.O.'s] attendance for the 12-month 2023–24 and 12-month 2024–25 school years in accordance with the enrollment contracts" and

that DOE "shall directly fund the cost of [D.O.'s] transportation for the 12-month 2023–24 and 12-month 2024–25 school years in accordance with the transportation contracts." *Id.* ¶ 67.

Plaintiffs allege that the DOE has failed to comply with the FOFD in IHO Case No. 277132 and SRO Decision 24-432 in IHO Case No. 275799 (together, the "Administrative Orders"). *Id.* ¶¶ 51, 70, 100, 106. With respect to the order for M.B.'s tuition and related services, the Complaint alleges that DOE has not paid "late fees" that Beckford has incurred because of DOE's delayed payment. *Id.* ¶ 51 n.3. With respect to the order for O.D.'s tuition and related services, the Complaint alleges that DOE has not funded the total costs as ordered and that DOE's delay puts Davis at risk of incurring "late fees." *Id.* ¶ 71.

### III.  PROCEDURAL HISTORY

Plaintiffs initiated this case on December 24, 2024, asserting three causes of action. Dkt. No. 1. First, the Complaint brings a claim for violation of Plaintiffs' rights under the IDEA, its implementing regulations, and New York State Education Law. *Id.* ¶¶ 98–99. Second, the Complaint brings a claim under 42 U.S.C. § 1983, alleging that DOE's failure to comply with the Administrative Orders was pursuant to a systemic DOE policy or practice. *Id.* ¶¶ 101–114. Third, the Complaint brings a claim for attorneys' fees, asserting that each Plaintiff was the "prevailing party" in their respective administrative proceedings below and thus entitled to an award of attorneys' fees under the IDEA. *Id.* ¶¶ 115–128. Among other relief, Plaintiffs seek a preliminary injunction or other order requiring DOE to comply with the Administrative Orders, and a judgment awarding Plaintiffs "late fees," nominal damages, attorneys' fees and costs, "fees on fees" and costs incurred in prosecuting this federal action. *Id.* at 18–19.

On January 30, 2025, Plaintiffs moved for a preliminary injunction compelling DOE to comply with SRO Decision No. 24-432 (applicable to David and O.D.). Dkt. No. 12 ("PI

4

Motion"). Defendants filed an opposition to the PI Motion on February 13, 2025, Dkt. No. 15, and separately moved to dismiss the Complaint on February 28, 2025, for lack of subject matter jurisdiction and failure to state a claim, Dkt. No. 17.[2]

DISCUSSION

I. **LEGAL STANDARD**

　A. **Rule 12(b)(1)**

A court properly dismisses a claim for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A motion to dismiss for lack of subject matter jurisdiction may 'raise a facial challenge based on the pleadings, or a factual challenge based on extrinsic evidence.'" *U.S. Airlines Pilots Ass'n ex rel. Cleary v. US Airways, Inc.*, 859 F. Supp. 2d 283, 296 (E.D.N.Y. 2012) (quoting *Guadagno v. Wallack Ader Levithan Assoc.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996)).

Where the defendant challenges the legal sufficiency of a complaint's allegations, the court must treat all factual allegations as true and draw reasonable inferences in favor of the complaining party. *See Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001). However, where the jurisdictional challenge is fact-based, the defendant may "proffer[ ] evidence beyond the [p]leading," and the plaintiff "will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)

---

[2] The Court will refer to the parties' motion papers as follows: Defendants' memorandum in support of its motion to dismiss (Dkt. No. 18) is "DOE Mot.", Plaintiffs' opposition brief (Dkt. No. 21) is "Pls.' Opp.", and Defendants' reply brief (Dkt. No. 24) is "DOE Reply"; Plaintiffs' memorandum of law in support of their preliminary injunction motion (Dkt. No. 12) is "PI Mot.".

motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). In the case of a fact-based jurisdictional challenge, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations, and the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Zim Am. Integrated Shipping Servs. Co., LLC v. Sportswear Grp., LLC*, 550 F. Supp. 3d 57, 62 (S.D.N.Y. 2021).

### B. Rule 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint therefore must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "some further factual enhancement." *Twombly*, 550 U.S. at 555, 557. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In sum, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

Generally, when deciding a 12(b)(6) motion, a court will "not look beyond 'facts stated on the face of the complaint, documents appended to the complaint or incorporated in the

6

complaint by reference, and matters of which judicial notice may be taken.'" *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)); *see also Goe v. Zucker*, 43 F.4th 19, 29 (2d Cir. 2022) (providing that materials integral to a complaint can be only viewed when deciding a 12(b)(6) motion if there is no dispute concerning the accuracy of the materials); *Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 383 (S.D.N.Y. 2020) (commenting that, for a document to be integral to a complaint, "the plaintiff must have relied on the document in drafting the complaint"), *aff'd*, 847 F. App'x 35 (2d Cir. 2021).

## II. PLAINTIFF M.B.'S CLAIMS FOR TUITION AND RELATED SERVICES ARE MOOT

"Under the doctrine of mootness, the plaintiff's 'personal stake' in the outcome of the litigation 'must be extant at all stages of review, not merely at the time the complaint is filed.'" *Stagg, P.C. v. U.S. Dep't of State*, 983 F.3d 589, 601 (2d Cir. 2020) (quoting *United States v. Sanchez-Gomez*, 584 U.S. 381, 385 (2018)). "When the plaintiff no longer has a legally cognizable interest in the outcome of the action, the case becomes moot and is no longer a 'case' or 'controversy' for the purposes of Article III." *Id.* "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

As to M.B., Plaintiffs admit that DOE has already paid the tuition and related services expenses as required by IHO Mendoza's order. *See* PI Mot. at 7; Pls.' Opp. at 1. Accordingly, Plaintiffs' claims related to the disbursement of those funds are dismissed as moot. *See Angamarca v. New York City Dep't of Educ.*, No. 19-CV-02930 (PGG), 2020 WL 1322052, at *3–4 (S.D.N.Y. Mar. 20, 2020). As to O.D., Defendants have represented that DOE paid the required tuition and related services expenses while briefing on the pending motion to dismiss

7

was in progress. Therefore, Plaintiffs are hereby ordered to show cause why the claims related to the disbursement of those funds should not similarly be dismissed as moot. Because the PI motion is based solely on DOE's failure to pay the required tuition and related services expenses as to O.D., the motion is denied without prejudice to renew if Plaintiffs allege that DOE has in fact not made the required payments.

### III. THE COURT DOES NOT HAVE JURISDICTION TO AWARD "LATE FEES" AND PLAINTIFFS FAIL TO MAKE OUT A CLAIM IN ANY EVENT

Plaintiffs seek vaguely defined "late fees" that they have incurred or expect to incur under equally vaguely defined contracts with iBrain. They assert that DOE "should be liable" for the cost of the late fees because DOE has allegedly delayed its payments for tuition and other related services. *See* Compl. ¶¶ 51 n.3, 71; Pls.' Opp. at 10–12. Their entire argument depends on the fact that the Administrative Orders ordered DOE to pay tuition "in accordance with the enrollment contracts" and "pursuant to the terms of the tuition agreement within 35 days of the date of this Order," which, Plaintiffs assert, means that DOE is liable for late fees because such fees are purportedly provided for in the referenced agreements. Pls.' Opp. at 10–11. There are several problems with this argument. Most importantly, there is no suggestion that late fees were addressed in the administrative proceedings. *See* Dkt. Nos. 1-1, 1-2. Thus, the Court lacks jurisdiction to decide the issue. *See N.K. v. N.Y.C. Dep't of Educ.*, 961 F. Supp. 2d 577, 584 (S.D.N.Y. 2013) ("This Court lacks subject matter jurisdiction to consider any claim that has not been exhausted pursuant to the IDEA's administrative review process—that is, it may not consider any issues that were not considered by the IHO in the due process hearing."). That the Administrative Orders merely referenced the enrollment agreements in granting the Plaintiffs' request for tuition reimbursement and payment does not mean the IHOs or SRO purported to address every possible issue within the entire scope of the agreements. Moreover, references to

8

the agreements were provided in the context of ordering payment of only "tuition"—a category under which "late fees" do not naturally fall.

But even if this Court had jurisdiction to decide the issue, it would find that Plaintiffs have not made out a claim for entitlement to late fees. Plaintiffs fail to state why or how any delay in DOE's compliance with the *Administrative Orders* would trigger an obligation for DOE to pay late fees under the entirely separate *enrollment agreements*, contracts to which no defendant is alleged to be a party. Moreover, Plaintiffs have cited no authority or rule that suggests that "late fees" or other private financial terms in contracts to which the DOE is not a party are encompassed within the IDEA, even if Plaintiffs had sufficiently alleged their factual claims for such fees, which they have not. *See* DOE Mot. at 7–8; *see also Chaperon v. Banks*, No. 24-CV-05135 (JAV), 2025 WL 2207908, at *11 (S.D.N.Y. Aug. 4, 2025) (denying late fees in IDEA case).

## IV. PLAINTIFFS FAIL TO MAKE OUT A SECTION 1983 CLAIM

To state a claim under Section 1983, a plaintiff must allege "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal references omitted); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 (1978).

"[T]he denial of a 'free appropriate public education,' has been held a constitutional deprivation which is actionable under Section 1983." *M.H. ex rel. K.H. v. Mount Vernon City Sch. Dist.*, No. 13-CV-3596 (VB), 2014 WL 901578, at *8 (S.D.N.Y. Mar. 3, 2014) (citing *Quackenbush v. Johnson City Sch. Dist.*, 716 F.2d 141, 148 (2d Cir. 1983)); *see also M.M. v. N.Y.C. Dep't of Educ.*, No. 15-CV-05846 (PKC), 2017 WL 1194685, at *14 (S.D.N.Y. Mar. 30, 2017) (noting that although "[t]he Fourteenth Amendment does not protect a public education as

a substantive fundamental right, . . . the IDEA creates rights in favor of disabled children and their families enforceable through [S]ection 1983"). "Accordingly, courts in this Circuit have held that a Section 1983 claim may be predicated upon the plaintiff's deprivation of rights under the IDEA." *D.F. v. N.Y.C. Dep't of Educ.*, No. 24-CV-03087 (LJL), 2025 WL 1425752, at *12 (S.D.N.Y. May 16, 2025).

"Pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), a 'governmental entity like DOE is subject to municipal liability under section 1983, so long as the plaintiff demonstrates the existence of a municipal policy that causes the plaintiff to be subjected to the deprivation of a federal right." *Vasquez ex rel J.V. v. N.Y.C. Dep't of Educ.*, No. 22-CV-03360 (PAC), 2024 WL 1332822, at *5 (S.D.N.Y. Mar. 28, 2024). "To adequately plead municipal liability in a Section 1983 claim, plaintiffs must 'demonstrate[] the existence of a municipal policy that causes [plaintiffs] to be subjected to the deprivation of a federal right.'" *M.H. v. N.Y.C. Dep't of Educ.*, No. 24-CV-02431 (AS), 2025 WL 27534, at *2 (S.D.N.Y. Jan. 3, 2025) (quoting *Vasquez*, 2024 WL 1332822, at *5).

"It is well settled, however, that a plaintiff asserting a constitutionally based [Section] 1983 claim for procedural violations of the IDEA must establish a constitutional violation outside the scope of the IDEA." *Engwiller v. Pine Plains Cent. Sch. Dist.*, 110 F. Supp. 2d 236, 250 (S.D.N.Y. 2000). That is, "a plaintiff cannot seek redress under Section 1983 for violations of procedural due process under the Fourteenth Amendment 'if the violations for which she seeks redress are actionable under the IDEA.'" *L.B. v. N.Y.C. Dep't of Educ.*, No. 21-CV-06626 (VEC), 2023 WL 1779550, at *13 (S.D.N.Y. Feb. 6, 2023); *see also Killoran v. Westhampton Beach UFSD*, No. 19-CV-03298 (JS)(SIL), 2020 WL 4740498, at *10 (E.D.N.Y. June 24, 2020), *report and recommendation adopted*, No. 19-CV-03298, 2020 WL 4743189 (E.D.N.Y. July 27,

2020) ("Thus, a plaintiff may not rely on Section 1983 to pursue damages for violations of the IDEA, 'absent allegations that they were denied IDEA's procedural safeguards or administrative remedies.'") (quoting *A.K. v. Westhampton Beach Sch. Dist.*, No. 17-CV-00866 (JS) (SIL), 2019 WL 4736969, at *16 (E.D.N.Y. Sept. 27, 2019)).

Plaintiffs' arguments in support of their Section 1983 claim rely almost exclusively on *L.V. v. N.Y.C. Dep't of Educ.*, No. 03-CV-09917 (LAP), 2021 WL 663718, at *8 (S.D.N.Y. Feb. 18, 2021), apparently contending that DOE's failures to implement administrative orders in that case somehow establish a systemic practice that is relevant to this case. *See* PI Mot. at 13–14; Pls.' Opp. at 12–13. But the decision in *L.V.* did not even address claims under Section 1983. *L.V.*, 2021 WL 663718, at *8. More importantly, the Court here considers the allegations in the Complaint, not observations from a separate case, and the Complaint makes no specific allegation of a systemic policy or practice that deprived Plaintiffs of IDEA's procedural safeguards or administrative remedies. Rather, Plaintiffs make only general and conclusory allegations that Defendants "[e]ngaged in a widespread, systemic practice that constituted custom or usage pertaining to the implementation of final administrative orders issued in proceeding brought under the IDEA and applicable state law." Compl. ¶ 108. That is not sufficient to state a claim for systemic violations of the IDEA. *See M.H. v. N.Y.C. Dep't of Educ.*, No. 24-CV-02431 (AS), 2025 WL 27534, at *1 (S.D.N.Y. Jan. 3, 2025) ("It is not enough just to say that defendants have policies, practices, and procedures that violate the IDEA when the complaint gives 'no factual basis whatsoever from which the Court might infer that [plaintiffs'] experience is representative of an endemic problem[.]'") (quoting *L.A. v. N.Y.C. Dep't of Educ.*, No. 20-CV-05616 (PAC), 2021 WL 1254342, at *3 (S.D.N.Y. Apr. 5, 2021)).

V.   **PLAINTIFFS HAVE STATED A CLAIM FOR ATTORNEYS FEES**

The IDEA provides that "[i]n any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). "A party who receives agency-ordered relief on the merits of their claim is a 'prevailing party' for the purposes of IDEA." *S.B. v. N.Y.C. Dep't of Educ.*, No. 23-CV-03961 (PAE), 2024 WL 1406559, at *3 (S.D.N.Y. Apr. 2, 2024); *see also A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 75 (2d Cir. 2005) ("[A] plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding is a 'prevailing party.' He or she may therefore be entitled to payment of attorneys' fees under the IDEA's fee-shifting provisions."). Based on the Administrative Orders, Plaintiffs have therefore sufficiently pled that they are prevailing parties entitled to an award of attorneys' fees under the IDEA. Defendants argue in their motion that Plaintiffs are not prevailing parties in this federal action. DOE Mot. at 11. After Plaintiffs responded that they were entitled to attorneys' fees as the prevailing parties in the administrative proceedings, Pls.' Opp. at 14–15, Defendants omitted a response in their reply brief and have apparently abandoned their objection to the claim for attorneys' fees at this stage.

## CONCLUSION

For the reasons stated herein, Plaintiffs' motion for a preliminary injunction (Dkt. No. 12) is DENIED. Defendants' motion to dismiss (Dkt. No. 17) is GRANTED as to Plaintiff M.B.'s claim for payment of tuition and related services, GRANTED as to Plaintiffs' claims for late fees, and GRANTED as to Plaintiffs' Section 1983 claim; the motion is DENIED as to Plaintiff O.D.'s claim for tuition, and DENIED as to Plaintiffs' claim for attorneys' fees. In light of Defendants' representation in their briefing on the motion to dismiss that DOE has paid in full

the tuition and related services expenses for Plaintiff O.D. required under SRO Decision 24-432 (excluding late fees, to which Plaintiffs are not entitled), Plaintiffs are ORDERED TO SHOW CAUSE by October 10, 2025, why their claim seeking enforcement of SRO Decision 24-432 should not be dismissed as moot. The Court will dismiss that claim *sua sponte* absent allegations that the required payments have not been made. Plaintiffs' claim for attorneys' fees survives, for work performed in connection with the administrative proceedings, only. The Court will take appropriate next steps on the attorneys' fees claim following resolution of the open question regarding payment of expenses for Plaintiff O.D. as set out above.

    The Clerk of Court is respectfully directed to terminate Dkt. Nos. 12 and 17.

Dated: September 30, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge